# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DERRICK L. ALLEN**                                                            **PLAINTIFF**

**V.**                        **CASE NO. 4:15-CV-168 SWW/BD**

**DOC HOLLADAY, et al.**                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**      **Background:**

Derrick L. Allen, formerly an inmate at the Pulaski County Regional Detention Facility ("Detention Facility"), filed this lawsuit pro se under 42 U.S.C. § 1983. (Docket entry #2) Because his original complaint was deficient, Mr. Allen was given an opportunity to amend his complaint. (#4) Mr. Allen then filed an amended complaint (#5), but the amended complaint, as written, also failed to state a constitutional claim.

Mr. Allen was provided a second opportunity to amend his complaint. Mr. Allen then filed his second amended complaint. (#10) Based on the allegations in the second amended complaint, Mr. Allen stated deliberate-indifference claims against Defendants Speer and Brawley.

Mr. Allen's failure-to-protect claims were dismissed, without prejudice. (#15) Thus, the Court dismissed Defendants Holladay, Musaddiq, Knudson, and Sylvester from the lawsuit. (#15) Also, claims against Defendants Randolph, Knudsen, Batty, Hodge, Ellis, Berumen, Jenkins, Lee, Brown, and Johnson were dismissed. (#15)

Remaining Defendants Speer and Brawley have now moved for summary judgment. (#40) Mr. Allen has responded to the motion, and the Defendants have replied. (#44, #45)

Based on the evidence presented, Defendants' motion for summary judgment (#40) should be GRANTED, and Mr. Allen's claims against Defendants Speer and Brawley should be DISMISSED, with prejudice.

## III. Discussion:

### A. Standard

In a summary judgment, the court rules in favor of a party before trial. A moving party is entitled to summary judgment if the evidence shows that there is no genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). If there are genuinely

disputed facts that are important enough to matter, the Court views those facts in a light most favorable to the non-moving party, provided the record would not render the non-moving party's version unacceptable to reasonable jurors. *O'Neil v. City of Iowa City, Iowa*, 496 F.3d 915, 917 (8th Cir. 2007).

B. Factual Background

On March 19, 2014, Mr. Allen was booked into the Detention Facility on state criminal charges. (#42-1 at pp.21-22) On July 17, 2014, while incarcerated, Mr. Allen was involved in a physical altercation with inmate Kenneth Lynch. (#42-2 at p.4) During the altercation, Mr. Lynch struck Mr. Allen in the face with a closed fist, knocking out two of Mr. Allen's teeth. (*Id.*) Detention Facility nurses Stowe, Holmes, and Smith responded to the incident, evaluated Mr. Allen, and determined that he could stay in the unit. (#42-1 at p.37) Sergeants Musaddiq and Knudsen then transported Mr. Allen to the medical department.

The medical staff sent Mr. Allen to the University of Arkansas for Medical Sciences to have his teeth assessed. (#42-2 at p.5) Medical staff at UAMS released Mr. Allen back to the Detention Facility.

On July 21, 2014, Mr. Allen was released from the Detention Facility. (#42-1 at p.25) But on November 11, 2014, Mr. Allen was again booked into the Detention Facility on state criminal charges. (#42-1 at p.26) Ten days later, he submitted a grievance complaining about the injury that he had sustained in the July 2014 incident and requesting that his tooth be replaced. (#42-1 at p.28) Defendant Brawley informed

Mr. Allen that the Detention Facility grievance procedure requires inmates to file grievances within fifteen days of the underlying events. Mr. Allen failed to file a grievance regarding the July 17, 2014 incident within that time frame. (#42-1 at p.29)

On December 12, 2014, Mr. Allen filed another grievance complaining that he had been denied medical care because his tooth had not been replaced. (#42-1 at p.30) Defendant Brawley again responded to Mr. Allen's grievance and informed him that the issue had already been addressed. (#42-1 at p.31)

On February 5, 2015, Dr. Lee examined Mr. Allen. The following day, Dr. Lee wrote a Detention Facility Referral Appointment Request Form presenting Mr. Allen's request that his teeth be replaced at the County's expense. (#42-2 at p.6) Dr. Lee specifically advised Defendant Speer that he was presenting Mr. Allen's request and "was not recommending the requested treatment." (#42-3 at p.2)

On March 9, 2015, Mr. Allen submitted another grievance complaining that during a dental visit on February 13, 2015, he was informed that he was scheduled to have a piece of another tooth removed, but that the procedure never occurred. (#42-1 at p.32) Defendant Brawley again responded to Mr. Allen's grievance and informed him that the Health Services Administrator stated that his dental needs were addressed when he was seen at the dental clinic on February 5, 2015. (#42-1 at p.33) Mr. Allen appealed the denial of that grievance.

On March 19, 2015, Mr. Allen filed another grievance explaining that he had a tooth pulled on March 18, 2015. (#42-1 at p.34) He also complained that, although he

4

was scheduled for a follow-up visit at UAMS following the July 2014 incident, he was never transported to that appointment. (*Id.*)  Defendant Brawley responded to Mr. Allen's grievance, again informing him that this issue had already been addressed. (#42-1 at p.35)  On May 20, 2015, Mr. Allen was again released from the Detention Facility.

    C.    Deliberate Indifference

In determining whether an official was deliberately indifferent to an inmate's serious medical needs, courts must consider both objective and subjective factors. *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014).  First, was the inmate first suffering from an objectively serious medical need?  See *id.* at 340.  An objectively serious a medical need is one that has been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).

Second, is there evidence that the defendant "actually knew of but deliberately disregarded" the inmate's serious medical need? *Id.*  This showing requires a mental state "akin to criminal recklessness." *Id.* (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)).  Gross negligence is insufficient to establish deliberate indifference. *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

Based on the undisputed facts in this case, the Court cannot conclude that Mr. Allen suffered from a serious medical need or that the Defendants disregarded his need for medical care.

After the July 17, 2014 incident, Detention Center staff transported Mr. Allen to UAMS.  Mr. Allen did not file any sick-call requests prior to his release from the Detention Facility four days later.

After Mr. Allen returned to the Detention Facility, he was examined by Dr. Lee.  Dr. Lee placed Mr. Allen on two rounds of antibiotics.  (#42-2 at p.8)  A few weeks later, Mr. Allen received treatment to remove fragments from another tooth that had been extracted.  (#42-2 at p.8)

Defendants attach the affidavit of Dr. Lee to their motion for summary judgment.  (#42-3)  Dr. Lee testifies that Mr. Allen received adequate dental treatment while housed at the Detention Facility and that he did "not believe that replacing [Mr.] Allen's teeth was medically necessary."  (#42-3 at p.2)  Although Mr. Allen is unhappy with the medical treatment he received while at the Detention Facility, mere disagreement with treatment decisions is insufficient to establish a constitutional violation.  *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

D.     Official Capacity Claims

Defendants Brawley and Speers are employees of Pulaski County, Arkansas.  Mr. Allen's claims against these Defendants in their official capacities are, in effect, claims against Pulaski County itself.  *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010).  Local governments are not liable under § 1983 for injuries inflicted solely by their employees or agents.  *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). Rather, a county is liable for the acts of its employee only when the employee is

carrying out a county policy or custom. *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009).

For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id.* at 902-903.

Here, Mr. Allen has not alleged that he suffered any injury as a result of a Pulaski County custom or policy. As a result, his official-capacity claims should not be allowed to proceed.

## IV. <u>Conclusion</u>:

The Court recommends that the Defendants' motion for summary judgment (#40) be GRANTED. Mr. Allen's claims should be DISMISSED, with prejudice.

DATED this 27th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE